UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **EMMA GAIL HANNON** | **CASE NO. 2:21-CV-03518** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DOLGENCORP L L C** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Defendant's Motion for Summary Judgment" (Doc. 8) wherein Defendant, DG Louisiana LLC (incorrectly styled "Dolgencorp, LLC d/b/a Dollar General Store") (referred to as DG"), pursuant to Federal Rule of Civil Procedure 56, moves for summary judgment. DG maintains that Plaintiff, Emma Gail Hannon, cannot meet her burden of proof against it under Louisiana Revised Statute § 9:2800.6.

## FACTUAL STATEMENT

Plaintiff slipped on a substance at a Dollar General Store on December 17, 2020. Plaintiff alleges that she suffered injuries as a result of DG's negligence.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. To prevail, a plaintiff must prove the following (in addition to all other elements of his

claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. Louisiana Revised Statute § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997). A store owner is not liable every time an accident happens in the place where he/she conducts business operations. *Bennett v. Brothers Avondale, L.L.C.*, 170 So.3d 1179, 1182 (La. App. 5 Cir. 5/4/15).

*Actual or constructive notice*

"To survive a motion for summary judgment, a plaintiff must submit 'positive evidence' that a merchant created or had actual or constructive notice of the conditions that allegedly caused a plaintiff's damages." *Perez v. Winn-Dixie Montgomery, LLC*, 2019 WL 1367526, at *2 (E.D. La. Mar. 26, 2019) (quoting *Duncan v. Wal-Mart La., LLC*, 863 F.3d 406, 410 (5th Cir. 2017)). To show "constructive notice" under the LMLA, the plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." Louisiana Revised Statute § 9:2800.6(C)(1). An employee's presence near the condition "does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.* Accordingly, plaintiff bears "an onerous burden" in satisfying this element of his claim. *Scott v. Dillard's, Inc.*, 169 So.3d 468, 472 (La. Ct. App. 5th Cir. 2015).

It is undisputed that DG did not create the hazardous condition on the floor. DG maintains that there is no evidence that it had notice or constructive notice of the sand on the floor.

DG has submitted summary judgment evidence through two witnesses, Raven Dubois and Rita Hewitt, who testified that it was a matter of seconds or potential a minute between the actual spill and the moment that Plaintiff fell. The testimony reveals that on the day of the accident, Plaintiff was shopping as well as another customer, Ms. Dubois. Ms. Dubois testified that she went to the home aisle where she found a decorative hourglass.[1] She put the hourglass in her shopping cart with her two children. As she walked to another area of the store, one of her children began playing with the hourglass and eventually broke it and spilled sand on the floor.[2]

She immediately proceeded to the cash register, and as she was walking toward the register to report the spill, Plaintiff walked around the corner and slipped on the sand, which the witnesses identified as white or transparent on a white floor.[3] Plaintiff testified that she heard Mr. Dubois exclaim to her son, "Son, you broke it."[4] Plaintiff slipped and fell before Ms. Dubois reached the register to alert the cashier.[5]

Another customer, Ms. Hewitt, testified that she "hollered" across the store upon Plaintiff's fall, saying "we've got a spill back here and there's a lady that fell."[6] She further

---

[1] Defendants' exhibit B, Raven Dubois, p. 13.
[2] *Id.* pp. 13-15.
[3] *Id.*, pp. 14–16, 22-23.
[4] Defendant's exhibit A, pp. 79, 85–86.
[5] Defendant's exhibit B, Dubois depo. pp. 22–23.; Defendants' exhibit C, Raven Dubois Affidavit.
[6] Defendant's exhibit D, Rita Hewett deposition, p. 32.

explained that "there was no space hardly between he time the stuff fell, and the woman fell. . . ."[7] The cashier, Amber Holland, testified that she remembers hearing a commotion, and when she looked up, she saw Ms. Dubois approaching her at the register.[8]

Plaintiff submits her own testimony that she believed that it was either a "couple of minutes" or "three minutes" between the time she heard Ms. Dubois say to her son "you broke it" and when she fell.[9] Plaintiff testified that she did not know if DG was aware of the sand on the floor before she fell.[10]

Plaintiff submits the deposition testimony of DG employee Devan Trahan. Ms. Trahan approached Plaintiff within a minute after she fell.[11] Ms. Trahan could not testify as to how much time passed between the spill occurring and Plaintiff's fall.[12] Plaintiff also submits the deposition testimony of DG employee Ruamah Nikki Benoit who testified that she did not know how much time passed between the spill occurring and Plaintiff's fall, but that it was very quick.[13]

The cashier, Amber Holland, testified that she saw Ms. Dubois approaching her at the register,[14] and also saw her manager coming toward the front of the store from the back. She also testified that it takes about 20 seconds to walk from the back of the store to the front of the store.[15]

---

[7] *Id.* p. 39.
[8] Defendants' exhibit E, Amber Holland deposition, p. 19.
[9] Plaintiff's exhibit A, p. 86.
[10] *Id.* p. 113.
[11] Plaintiff's exhibit E, p. 24:2–6.
[12] *Id.* p. 42.
[13] Plaintiff's exhibit F, p. 49.
[14] Plaintiff's exhibit G., p. 20.
[15] *Id.* p. 27.

Under Louisiana law, "[a] claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *Kennedy v. Wal-Mart Store, Inc.,* 733 so.2d 188, 1991 (La. 4/13/99). The Court finds that Plaintiff has failed to create a genuine issue of fact for trial to show that the condition existed for a specific period time to put DG on notice.

## **CONCLUSION**

For the reasons set forth above, the Motion for Summary Judgment will be granted dismissing Plaintiff's claims with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 6th day of April, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**